UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

DARRYL ALEXANDER,

                                     Plaintiff,

       -against-

CITY OF NEW YORK, MICHAEL ROBERTSON, Individually,
MITCHELL EPSTEIN, Individually, DANI GALLAGHER,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                     Defendants.

------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

16 CV 5889
(PKC) (VMS)

<u>Jury Trial Demanded</u>

Plaintiff DARRYL ALEXANDER, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff DARRYL ALEXANDER is a fifty-six-year-old African American resident of the State of New York, Kings County.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, the individually named defendants MICHAEL ROBERTSON, MITCHELL EPSTEIN, DANI GALLAGHER, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.  That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.  Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On July 30, 2015, beginning at approximately 11:30 p.m., going into the early hours of July 31, 2015, plaintiff was handcuffed and inadequately secured inside of a NYPD van occupied by defendants MICHAEL ROBERTSON and MITCHELL EPSTEIN, both NYPD officers assigned to the 77th Police Precinct.

13. While en route from 595 St. Marks Avenue, Brooklyn, New York, to the 77th Police Precinct, while traveling on, upon information and belief, either Prospect Avenue or Park Place, the defendant officer operating the van, believed to be either ROBERTSON or EPSTEIN, intentionally, recklessly, grossly negligently and/or otherwise negligently drove over a bump at an excessive rate of speed when the defendant officer knew plaintiff was unsafely and unreasonably secured in the van while rear handcuffed, and/or otherwise in deliberate disregard to plaintiff's safety and well-being.

14. The defendant officer's actions caused plaintiff to bounce up off his seat, strike his head on the roof of the vehicle and fall partially off his seat and to his side, wrenching his right shoulder, and injuring, without limitation, his head, neck, back, left arm, and right shoulder.

15. Defendants ROBERTSON and EPSTEIN acted with deliberate disregard and otherwise knew or should have known that the manner in which plaintiff was secured was improper and inadequate, and/or otherwise deliberately and/or intentionally in disregard of plaintiff's safety, and that the manner in which the vehicle was operated was dangerous and likely to result in, and in fact did result in, injuries to the plaintiff.

16. Defendants ROBERTSON and EPSTEIN were further aware through the screams of plaintiff and their own observations that plaintiff was injured, and was lying in the vehicle on

his side, yet defendants ROBERTSON and EPSTEIN did nothing to better situate or safely secure plaintiff, or to otherwise relieve plaintiff's pain and/or attend to his medical needs, and instead continued on to the 77th Precinct.

17. Defendant NYPD Sergeant DANI GALLAGHER, who held a supervisory rank, participated in the above misconduct by failing to take corrective action after learning of plaintiff's injuries and by ordering defendants ROBERTSON and EPSTEIN to continue their transport of plaintiff, rather than immediately summoning medical treatment for or otherwise assisting plaintiff.

18. Once at the precinct, defendants requested an ambulance for plaintiff, which transported him to Interfaith Medical Center, where he received treatment for the injuries he sustained as a result of the defendants' misconduct.

19. As a result of the above described actions of defendants ROBERTSON, EPSTEIN, and GALLAGHER, plaintiff sustained injuries necessitating medical treatment and resulting in ongoing *sequelae*.

20. Defendant NYPD officers ROBERTSON, EPSTEIN, and GALLAGHER owed a duty to plaintiff to ensure his safety in their custody, and to provide plaintiff with prompt medical care.

21. Defendant NYPD officers ROBERTSON, EPSTEIN, and GALLAGHER breached their duty to plaintiff, resulting in plaintiff sustaining the above described physical injuries and enduring physical pain and suffering while in their custody.

22. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or

practices of improper securement of handcuffed prisoners in motor vehicles and improper operation of motor vehicles with prisoners in them.

23.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from improper securement claims and lawsuits that have been filed against it, and statements of NYPD officers made to the media, as well as other media coverage, that many NYPD officers are insufficiently trained with regard to safe and proper securement of handcuffed prisoners and/or that many NYPD officers intentionally engage in improper transport methods, known colloquially as "rough rides."

24.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in injuries to prisoners and deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

25.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26.     As a result of the foregoing, plaintiff DARRYL ALEXANDER sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against Defendants Robertson and Epstein)

27.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff DARRYL ALEXANDER'S constitutional rights.

29. As a result of the aforementioned conduct of defendants, plaintiff DARRYL ALEXANDER was subjected to excessive force and sustained serious physical injuries and emotional distress.

30. As a result of the foregoing, plaintiff DARRYL ALEXANDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
<u>(Failure to Intervene under 42 U.S.C. § 1983 against Defendant Robertson, Epstein, and Gallagher</u>)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants had an affirmative duty to intervene on behalf of plaintiff DARRYL ALEXANDER, whose constitutional rights were being violated in their presence by other officers.

33. Defendants failed to intervene to prevent the unlawful conduct described herein.

34. As a result of the foregoing, plaintiff DARRYL ALEXANDER was subjected to excessive force and he was put in fear of his safety.

35. As a result of the foregoing, plaintiff DARRYL ALEXANDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against Defendant Gallagher)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

38. As a result of the foregoing, plaintiff DARRYL ALEXANDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. The City of New York engaged in a policy, custom or practice of improperly securing and transporting prisoners, and of inadequate screening, hiring, retaining, training and supervising its employees regarding the use of force, that was the moving force behind the violation of plaintiff DARRYL ALEXANDER'S rights as described herein. As a result of the

failure of the City of New York to properly train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

42. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DARRYL ALEXANDER.

43. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DARRYL ALEXANDER as alleged herein.

44. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DARRYL ALEXANDER as alleged herein.

45. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DARRYL ALEXANDER was subjected to physical abuse.

46. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DARRYL ALEXANDER'S constitutional rights.

47. All of the foregoing acts by defendants deprived plaintiff DARRYL ALEXANDER of federally protected rights, including, but not limited to, the right:

    A.    To be free from excessive force; and

    B.    To be free from the failure to intervene.

48.     As a result of the foregoing, plaintiff DARRYL ALEXANDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

51.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

52.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

53.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

54.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Assault under the laws of the State of New York against Defendants Robertson, Epstein, and City of New York)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     As a result of the foregoing, plaintiff DARRYL ALEXANDER was placed in

apprehension of imminent harmful and offensive bodily contact.

57. As a result of defendant's conduct, plaintiff DARRYL ALEXANDER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

58. The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

59. As a result of the foregoing, plaintiff DARRYL ALEXANDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(<u>Battery under the laws of the State of New York against Defendants Robertson, Epstein, and City of New York</u>)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendant ROBERTSON and EPSTEIN made offensive contact with plaintiff DARRYL ALEXANDER without privilege or consent.

62. As a result of defendant ROBERTSON and EPSTEIN's conduct, plaintiff DARRYL ALEXANDER suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

63. Defendant City, as employer of ROBERTSON and EPSTEIN, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

64. As a result of the foregoing, plaintiff DARRYL ALEXANDER is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(<u>Negligence/Gross Negligence under the laws of the State of New York against defendants Robertson, Epstein, Gallagher, and City of New York</u>)

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

67.     Defendant City, as employer of defendants is responsible for their negligent and grossly negligent acts under the doctrine of *respondeat superior*.

68.     As a result of the foregoing, plaintiff DARRYL ALEXANDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DARRYL ALEXANDER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: New York, New York
April 19, 2017

                BRETT H. KLEIN, ESQ., PLLC
                Attorneys for Plaintiff DARRYL ALEXANDER
                305 Broadway, Suite 600
                New York, New York 10007
                (212) 335-0132

                By:     s/ Brett Klein
                      BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

DARRYL ALEXANDER,

                                  Plaintiff,

                                                             16 CV 5889
           -against-                                           (PKC) (VMS)

CITY OF NEW YORK, MICHAEL ROBERTSON, Individually,
MITCHELL EPSTEIN, Individually, DANI GALLAGHER,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                Defendants.

--------------------------------------------------------------------------------X


## AMENDED COMPLAINT


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132